UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN COLVIN,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.
_____

3:15-CV-1033
(GTS/WBC)

APPEARANCES:

LACHMAN & GORTON
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761

SOCIAL SECURITY ADMINISTRATION
OFFICE OF REG'L GEN. COUNSEL–REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

OF COUNSEL:

PETER A. GORTON, ESQ.

VERNON NORWOOD, ESQ.
Special Assistant U.S. Attorney

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this action filed by Sean Colvin ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that the Commissioner's motion for judgment on the pleadings be granted, that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's decision be affirmed, and that

Plaintiff's Complaint be dismissed; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 16, 17.) For the reasons stated below, the Report-Recommendation is adopted, the Commissioner's motion for judgment on the pleadings is granted, Plaintiff's motion for judgment on the pleadings is denied, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background and Procedural History

Because this Decision and Order is intended primarily for the review of the parties, and they have not objected to Parts I.A. and I.B. of the Report-Recommendation, which correctly recite the factual background and procedural history of this action, the Court will not repeat that information in this Decision and Order, but will respectfully refer the reader to Parts I.A. and I.B. of the Report-Recommendation. (Dkt. No. 20, at Parts I.A. and I.B.)

### B. Parties' Arguments on Their Motions for Judgment on the Pleadings

#### 1. Plaintiff's Brief and Supplemental Brief

Generally, in his brief and supplemental brief in support of his motion, Plaintiff asserts the following five arguments: (1) the Administrative Law Judge ("ALJ") failed to properly assess Plaintiff's limitations on his work pace and his ability to engage in continuing and systematic employment; (2) the ALJ incorrectly determined that Plaintiff could meet the physical demands of light work; (3) the ALJ failed to properly assess Plaintiff's learning disorder as severe or to consider the true limiting effects of that impairment in making his Residual Functional Capacity ("RFC") determination; (4) the ALJ's determination regarding whether there are significant numbers of jobs in the national economy that Plaintiff can perform given his

RFC, age, education, and work experience is not supported by substantial evidence; and (5) at Step Five of the governing evaluation process, the ALJ erred because the vocational expert's testimony on cross-examination confirms that Plaintiff cannot do either his past relevant work or other work. (Dkt. No. 10, at Points I-IV; Dkt. No. 12, at Point 1.)

### 2. Defendant's Brief

Generally, in her brief in support of her motion, Defendant argues that the Commissioner's decision (that Plaintiff is not disabled) is supported by substantial evidence for the following three reasons: (1) at Step Two of the governing evaluation process, the ALJ correctly determined that Plaintiff's learning disorder is not a severe impairment, because (a) Plaintiff failed to demonstrate that his learning disorder significantly limited his ability to perform basic work activities, and (b) in any event, the ALJ considered Plaintiff's non-severe impairments, including his learning disorder, in combination with his severe impairments throughout the remainder of the sequential evaluation; (2) the ALJ properly determined that Plaintiff retained the RFC to perform a range of unskilled, light work, because (a) the RFC determination was supported by substantial evidence, (b) the ALJ correctly determined that Plaintiff's Crohn's disease/irritable bowel syndrome did not result in any work-related limitations, and (c) under the circumstances, the ALJ did not need to afford significant weight to the opinions of consultative physician Dr. Justine Magurno, family physician Dr. Timothy Roche, or Family Nurse Practitioner Cori Pane; and (3) at Step Five of the governing five-step evaluation process, the ALJ properly determined that Plaintiff retained the RFC to perform work which exists in significant numbers in the national economy, because (a) he correctly determined Plaintiff's RFC, (b) he correctly applied the applicable grids rules, (c) he correctly obtained and

3

relied upon the testimony of an impartial vocational expert including a response to a hypothetical question posed by the ALJ which accurately reflected Plaintiff's RFC, and (d) he correctly rejected the vocational expert's answer to the hypothetical question posed by Plaintiff's counsel on cross-examination which confusingly failed to clarify whether it was asking about Plaintiff's left hand only (as the ALJ's hypothetical question had done) or about Plaintiff's left hand, right hand or both hands. (Dkt. No. 13, at "Argument.")[1]

### 3. Plaintiff's Reply Brief

Generally, in his reply brief, Plaintiff argues that, contrary to Defendant's argument, Plaintiff's hypothetical question did not confusingly alter the ALJ's hypothetical question (which was about Plaintiff's left non-dominant hand) to one about Plaintiff's right hand or both hands. (Dkt. No. 15.)

### C. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following findings of fact and conclusions of law: (1) the ALJ committed no error in his Step Two determination (i.e., regarding whether Plaintiff has a severe impairment or combination of impairments), because (a) Plaintiff failed to demonstrate that his learning disorder significantly limited his ability to perform basic work activities, and (b) in any event, the ALJ considered Plaintiff's non-severe impairments, including his learning disorder, in combination with his severe impairments throughout the remainder of the sequential evaluation; (2) the ALJ

---

[1] Among Plaintiff's severe impairments is the partial amputation of his left (non-dominant) index, middle and ring fingers, due to a table saw accident. (Tr. at 14-15.) More specifically, Plaintiff's left hand is missing the distal to the distal phalanx of the index finger and the proximal phalanx of the middle and ring fingers. (*Id*. at 15.)

4

committed no error in his RFC determination, because (a) his physical RFC determination was supported by substantial evidence in the record including opinion evidence, treatment notations, and Plaintiff's reported activities of daily living (and the ALJ did not need to afford significant weight to the opinions of Dr. Magurno, Dr. Roche, or FNP Pane), and (b) his mental RFC determination was supported by substantial evidence including the medical source opinion provided by consultative examiner, Sara Long, Ph.D. (and the ALJ did not err in affording limited weight to Dr. Roche's opinion regarding Plaintiff's mental limitations); and (3) the ALJ committed no error in his Step Five determination (i.e., regarding whether there are significant numbers of jobs in the national economy that Plaintiff can perform given his RFC, age, education, and work experience), because (a) he correctly obtained and relied upon the testimony of an impartial vocational expert that Plaintiff could perform the requirements of interview survey worker, parking lot attendant, and ticket seller, and (b) Plaintiff's argument to the contrary relies on a hypothetical question posed by Plaintiff's counsel to the vocational expert which was both confusing (in that it failed to clarify whether it was asking about Plaintiff's left hand, right hand, or both hands) and inaccurate (in that it altered the ALJ's hypothetical question to a much more limiting one which assumed that Plaintiff's RFC limited him to *no frequent or no constant* handling, fingering or *reaching*). (Dkt. No. 20, at Part IV.)

### D. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection to the Report-Recommendation, Plaintiff argues that the Magistrate Judge erred with regard to the ALJ's Step Five determination because the Magistrate Judge incorrectly found that Plaintiff's hypothetical questioning of the vocational expert inaccurately reflected Plaintiff's RFC (and that the ALJ's hypothetical questioning of the

vocational expert accurately reflected Plaintiff's RFC). (Dkt. No. 21.) More specifically, Plaintiff argues as follows: (1) Plaintiff's RFC included a limitation of only *occasional* handling with the left hand and *no* fingering with the left hand; (2) the vocational expert testified on cross-examination by Plaintiff that, if (hypothetically) the occupations adopted by the ALJ require either *frequent* or *constant* handling or fingering with the left hand, then Plaintiff could *not* perform those jobs; (3) based on the evidence subsequently supplied by the vocational expert and the Standard Classification of Occupations, all of the occupations adopted by the ALJ (i.e., interview survey worker, parking lot attendant, and ticket seller) require either *frequent* or *constant* handling and fingering; (4) contrary to Defendant's argument, Plaintiff's hypothetical question did not confusingly alter the ALJ's hypothetical question (which was about Plaintiff's left non-dominant hand) to one about Plaintiff's right hand or both hands; and (5) contrary to the ALJ's finding, Plaintiff's hypothetical question did not inaccurately alter the ALJ's hypothetical question (which assumed an RFC that limited Plaintiff to occasional handling with his left non-dominant hand and no fingering with his left non-dominant hand) to a much more limiting hypothetical question which assumed Plaintiff's RFC limited him to *no frequent or no constant* handling, fingering or *reaching*. (*Id.*)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Review of Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.    **Standard Governing Judicial Review of Defendant's Decision**

Because the parties have not objected to Part III.A. of the Report-Recommendation, which correctly recites the legal standard governing judicial review of Defendant's decision, that standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties. (Dkt. No. 20, at Part III.A.)

III.    **ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court concludes that Magistrate Judge Carter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 20.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. To those reasons, the Court adds the following analysis.

As an initial matter, the Court finds that Plaintiff's Objection does not challenge the first two findings of fact and conclusions of law of the Magistrate Judge, which are summarized above in Part I.C. of this Decision and Order. (*Compare* Dkt. No. 21 [Plf.'s Obj.] *with* Dkt. No. 20, at Part IV [Report-Recommendation].) As a result, those two findings of fact and conclusions of law are subject to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order. The Court finds that they survive that review, for the reasons stated in the Report-Recommendation (and Defendant's brief). *See, supra,* Parts I.B. and I.C. of this Decision and Order.

9

Turning to Plaintiff's challenge to the third finding of fact and conclusion of law of the Magistrate Judge (which is also summarized above in Part I.C. of this Decision and Order), the Court finds that the vast majority of this challenge is simply a rehashing of Plaintiff's argument in his supplemental brief and his reply brief. (*Compare* Dkt. No. 21 [Plf.'s Obj.] *with* Dkt. No. 12 [Plf.'s Suppl. Brief] *and* Dkt. No. 15 [Plf.'s Reply Brief].) As a result, the bulk of that finding of fact and conclusion of law is also subject to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order. The Court finds that it also survives that review, for the reasons stated in the Report-Recommendation (and Defendant's brief). *See, supra,* Parts I.B. and I.C. of this Decision and Order. The Court notes that, while it can follow Plaintiff's explanation of why his hypothetical question about handling was not intended to refer to his right hand or both hands but only his left hand, the Court can certainly see how the ALJ could reasonably reject the evidentiary value of the vocational expert's answer to that question based on the confusing nature of the question. As a literal matter, the question distinguishes between "fingering on the left hand" and "handling." (Tr. at 906 [referring to "no fingering on the left, and occasionally – only occasionally handling"].) The Court notes further that Plaintiff's explanation of the intended meaning of this question requires the insertion of emphases and bracketed words. (Dkt. No. 21, at 6 [Plf.'s Obj.].)

Finally, the Court finds that the only part of the Magistrate Judge's third finding of fact and conclusion of law that is subject to a *de novo* review is the portion challenged by Plaintiff's fifth argument in his Objection, which is summarized above in Part I.D. of this Decision and Order (i.e., the Magistrate Judge's finding that Plaintiff's hypothetical question inaccurately altered the ALJ's hypothetical question to a much more limiting one which assumed that Plaintiff's RFC limited him to *no frequent or no constant* handling, fingering or *reaching*). The

passage of testimony in question is as follows:

> Q: Let me start with the past relevant work. I know we knocked out the mental health aide or mental – the 355.377-018 and the machine feeder, and the teacher aide job as he actually did it because he did it up to medium. My question is on the teacher aide Job as performed in the national economy, and what I want to focus on is the reaching, handling and fingering on that job because – let me start – ask it this way. What is the reaching, handling and fingering?
> A: I don't have that here.
> Q: Okay. Well, let me ask it a different way. Assuming for a moment that the reaching, handling and fingering, and the teacher aide or even one of the other jobs is frequent or constant, would you agree that given the limitations to no fingering on the left, and occasionally – only occasionally handling, that if it's frequent, frequent, and frequent or constant, constant and constant that that obviously conflicts with the hypothetical, and that the person could not do the job?
> A: The person could not do the job based on those factors.

(Tr. at 906-07.) Again, while the Court can follow Plaintiff's explanation of why his hypothetical question was not intended to inaccurately alter the ALJ's hypothetical question to a much more limiting one (which assumed that Plaintiff's RFC limited him to *no frequent or no constant* handling, fingering or *reaching*), the Court can certainly see how the ALJ could have reasonably concluded that it did so, based on the entirety and context of the question, as well as the (convoluted and ungrammatical) nature of the question, which requires the insertion of emphases and bracketed words to explain it. (Dkt. No. 21, at 8 [Plf.'s Obj.].) In any event, even if the Magistrate Judge erred in finding Plaintiff's hypothetical question flawed in this respect, a prior independent ground existed to find Plaintiff's hypothetical question flawed (i.e., the reasonable confusion about whether it was referring to Plaintiff's left hand, right hand or both hands), eliminating the evidentiary value of the vocational expert's answer to that question.

For all of these reasons, the Report-Recommendation is adopted.

11

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**, and Plaintiff's motion for judgment on the pleadings (Dkt. Nos. 10, 12) is **DENIED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 28, 2017
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge